**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:19-cv-24552-JEM**

HAPPY TAX HOLDING CORP. *et al.,*

        Plaintiffs,

vs.

JAMEY HILL *et al.*,

        Defendants.

_____/

## PLAINTIFFS' JOINT MOTION FOR CLARIFICATION

Plaintiffs, HAPPY TAX HOLDING CORP., HAPPY TAX FRANCHISING, LLC, HAPPY TAX BRANDS, LLC, MARIO COSTANZ and MONICA POIRIER (collectively, "**Plaintiffs**"), through undersigned counsel, respectfully request clarification of the Court's recent Paperless Orders dated November 22, 2019 and November 25, 2019 [D.E. 32, 35].

1.      The Court's November 20, 2019 Continuance Order reset the Preliminary Injunction hearing for November 27, 2019 and continued the previously granted Temporary Restraining Order through such date. The subsequent rescheduling orders do not address Plaintiffs' request for a Preliminary Injunction Hearing and a continuance of the Temporary Restraining Order through such date. Plaintiffs thereby request clarification.

2.      On November 4, 2019, Plaintiffs filed a Verified Complaint alleging claims for, *inter alia*, Defamation *Per Se* (Count I) and Defamation (Count II) wherein Plaintiffs identified numerous false and defamatory statements believed to have originated with Defendants. [D.E. 1].

3.       That same day Plaintiffs filed an Expedited Motion for Temporary Restraining Order [D.E. 5], which the Court's predecessor granted on November 5, 2019 ("**TRO**").   [D.E. 7]. The TRO provides it "shall remain in full force and effect until fourteen (14) days after issuance of this Order and may be extended by this Court for good cause[,]" and set the preliminary injunction hearing for November 14, 2019.  [D.E. 7 at 2].

4.       Following the TRO, on November 7, 2019 undersigned Jeffrey M. Berman sent a copy of the Order and other related documents to alltrue@tuta.io, the email account from which certain of the false and defamatory emails originated.  *See* [D.E. 25 at 6].

5.        On November 9, 2019, *after* the named Defendants had filed their submissions denying owning the subject emails accounts or publishing the anonymous false and defamatory emails, the owner of such account sent an anonymous, responding email to Mr. Berman.  [*Id.*]. True and accurate copies of Mr. Berman's email and the anonymous responding email are attached hereto as **Exhibit "A**."  In pertinent part, the anonymous owner of the account stated:

> "You haven't filed anything against us. You have filed lawsuits against the wrong people. But who cares right?"

6.       The publisher(s) of the anonymous false and defamatory emails and owner of the email accounts from which such statement originated is aware of this suit.  Moreover, the sender of the above email continues to claim that the anonymous emails are from a group of people – "us." **The false and defamatory email of October 29, 2019 states:  "We know that contacting you anonymously does not look good but Mario is sue-happy [sic] and is already sueing [sic] some of us with completely fabricated storylines."**   [D.E. 1 at Exhibit "9"] (emphasis added). Yet, the only persons and entities that Happy Tax Franchising had sued were Defendants, Jamey Hill and The J.L. Hill Group, and another against Defendants, Johnnie Jemel Mainer-Smith and Bottom Line Tax Service LLC.  Therefore, those named Defendants would be included in the "us" who published the false and defamatory emails.  [D.E. 25 at 6].

7.      This is important because any argument by the named Defendants that they did not send the emails does not mean that the Temporary Restraining Order should be dissolved and/or that a Preliminary Injunction Hearing is not necessary.  As the communications above indicate, after being apprised of the Temporary Restraining Order, the operator of the accounts from which the false and defamatory emails originated, continued to send emails and communicated anonymously with Plaintiffs' counsel.

8.      On November 13, 2019, the Court's predecessor entered an Order resetting the preliminary injunction hearing for November 20, 2019.  [D.E. 16].

9.      On November 19, 2019, the Court's predecessor entered two separate Orders cancelling the November 20th hearing, and resetting the preliminary injunction hearing for November 21, 2019.

10.      Shortly thereafter, Plaintiffs filed a Motion for Brief Continuance of Preliminary Injunction Hearing and Motion to Extend Temporary Restraining Order which requested the preliminary injunction hearing be reset for either November 25th or 26th, and the TRO be extended until the preliminary injunction hearing occurs ("**Plaintiffs' Motion**").  [D.E. 19].

11.      The Court's predecessor agreed and on November 20, 2019 granted Plaintiffs' Motion stating as follows:

> The Court finds good cause exists to continue the preliminary injunction hearing previously set for November 21, 2019, as well as an extension of the TRO. Because Defendants assert that they are not in fact performing any of the acts they are enjoined from, the Court finds they will not be unduly burdened by such an extension. *See* ECF No. 22 at paragraph 5.  Preliminary Injunction Hearing reset for 11/27/2019 01:30 PM in Miami Division before Judge Jose E. Martinez.

[D.E. 26] ("**Continuance Order**").

12.     A short time later, Defendants (save for Chad Greene) filed a Motion to Continue the November 27th Hearing ("**Defendants' Motion**"). [D.E. 28]. Notably, while Defendants' Motion sought to reschedule the November 27th preliminary injunction hearing, it did not reference the TRO or the fact the Continuance Order had extended it until the preliminary injunction hearing occurred.

13.     On November 22, 2019, the Court's predecessor entered an Order granting Defendants' Motion and continuing the preliminary injunction hearing to December 3, 2019 ("**November 22nd Order**").   [D.E. 32].  The November 22nd Order, however, was silent as to whether the TRO would remain in effect until the December 3rd hearing.

14.     After this matter was transferred to this Court, on November 25, 2019 this Court entered an Order setting a non-evidentiary status conference for December 3, 2019 ("**November 25th Order**"). [D.E. 35]. Again, however, the November 25th Order did not address the continuance of the TRO or the Preliminary Injunction hearing that has been postponed now three (3) times.

15.     The rulings in the Continuance Order provide good cause for clarifying the effect of the November 22nd and November 25th Orders concerning the status of the TRO and when the Preliminary Injunction hearing will take place.

16.     While the Continuance Order extended the TRO to remain in effect until the November 27th preliminary injunction hearing, the November 22nd Order reset that hearing for December 3rd without addressing whether the TRO would remain in effect until the new hearing date.  The November 25th Order then changed the December 3rd hearing from a preliminary injunction hearing to a status conference, again without addressing the status of the TRO or the date for the Preliminary Injunction Hearing.

17.     As a result, it is unclear whether the TRO will remain in effect until the December 3rd hearing and whether the status conference set for December 3rd will include a Preliminary Injunction Hearing.  It would unfairly prejudice Plaintiffs if the Temporary Restraining Order expired because an extension was granted to accommodate Defendants' travel plans.

18.     Accordingly, to alleviate any ambiguity concerning the status of the TRO and the Preliminary Injunction Hearing,  Plaintiffs respectfully request clarification regarding the status of the TRO, which Plaintiffs submit should remain in effect until a Preliminary Injunction hearing takes place for the reasons in the Continuance Order.

19.     This Motion is brought in good faith and not for any dilatory purpose, and no party will be prejudiced by the relief sought herein. As demonstrated by the Continuance Order, Defendants will not suffer any harm from being enjoined from defaming and harming Plaintiffs until the December 3rd hearing.  In contrast, Plaintiffs would be prejudiced by having the TRO expire before they had a chance to proceed with the Preliminary Injunction hearing that was unilaterally reset multiple times through no fault of Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request the Court enter an Order, in the form attached as **Exhibit "1,"** granting the instant Motion and entering such other and further relief as this Court deems just and proper.

### S.D. FLA. LOCAL RULE 7.1(a)(3) CERTIFICATION

Prior to filing the instant Motion, on November 26, 2019 the undersigned conferred by email with Defendants' respective counsel and Chad Greene (though his proposed counsel) in a good faith effort to resolve the issues raised herein.  Chad Greene has yet to respond as of the filing of this Motion, while all other Defendants object to the relief requested herein.

5

Respectfully submitted,

Kerry A. Brennan, Esq.
BRENNAN LAW FIRM PLLC
1250 Broadway, 27th Floor
New York, New York 10001
Tel. 212.729.1980
kerry.brennan@brennanlawpllc.com
*Admitted Pro Hac Vice* [D.E. 10]

-and-

JEFFREY M. BERMAN, P.A.
1722 Sheridan Street No. 225
Hollywood, Florida 33020
Tel   305.834.4150
Fax  305.832.0145

By: _____
       JEFFREY M. BERMAN
       Fla. Bar No. 14979
       jeff@jmbermanlaw.com


**CERTIFICATE OF SERVICE**

    **I CERTIFY** that on November 26, 2019 the foregoing was served: (i) through CM/ECF to all those authorized to receive such electronic notices; and (ii) by mail to Chad Greene, *Pro se,* 6410 Shallowford Road, Lewisville, North Carolina 27023.

By: _____
       Jeffrey M. Berman

6

# Exhibit "A"

| | |
|---|---|
| **From:** | alltrue@tuta.io |
| **Sent:** | Saturday, November 9, 2019 8:10 AM |
| **To:** | Jeffrey M. Berman |
| **Subject:** | Re: Happy Tax Franchising v. J L Hill Group et al.--Case No. 19-24552--SERVICE OF COURT DOCUMENT |

You haven't filed anything against us. You have filed lawsuits against the wrong people. But who cares right? Certainly not Mario Costanz. It won't stop him from attacking and trying to destroy the lives of the innocent, hardworking individuals he has wronged. It serves his purpose to point fingers at those individuals. The truth will come out and it won't favor Mario Costanz or Happy Tax.

You can be sure that we will continue to shine light on the actions of Mario Costanz in every legal way possible.  Everything we've alleged is true and will be proven and common knowledge before long.

Some already is.

What do they say?

"The truth is the ultimate defense"?

Nov 7, 2019, 14:13 by jeff@jmbermanlaw.com:

> PLEASE BE ADVISED A LAWSUIT HAS BEEN FILED AGAINST YOU FOR YOUR CONTINUED DEFAMATION.  PLEASE SEE THE ATTACHED DOCUMENTS, WHICH INCLUDES A TEMPORARY RESTRAINING ORDER ISSUED BY THE COURT THIS WEEK.
>
>
> PLEASE GOVERN YOURSELF ACCORDINGLY.



**JEFFREY M. BERMAN, P.A.**
1722 Sheridan Street No. 225
Hollywood, Florida 33020
t     305.834.4150
f     305.832.0145
m    305.890.7024